UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In the Matter of:<br><br>Brian J. Hodgson and<br>Kathryn M. Anderson,<br><br>Debtors. | Bankruptcy Case No.<br>17-11614-CJF<br><br>Chapter 7 |

| | |
|---|---|
| The Estate of Emilly Zhu, et al..<br><br>Plaintiff,<br><br>v.<br><br>Brian J. Hodgson and<br>Kathryn M. Anderson,<br><br>Defendants. | Adversary Case No.<br>17-66-CJF |

## DEFENDANTS'/DEBTORS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Brian J. Hodgson ("Mr. Hodgson) and Kathryn M. Anderson ("Ms. Anderson"), (collectively, "Debtors"), the Debtors and Defendants in the above-captioned cases, by their attorneys, Krekeler Strother, S.C., hereby submit their proposed Findings of Fact and Conclusions of Law for the July 6, 2018 hearing:

### FINDINGS OF FACT

1. The Debtors reside at and are co-owners of 5314 Hammersley Road, Madison, Wisconsin (the "Hammersley property"). Deposition of Mr. Hodgson. 11: 9-12., Deposition of Ms. Anderson. 11: 3-9.

1

2. The Debtors have resided at the Hammersley property since September 2016. Deposition of Ms. Anderson. 11: 3-9.

3. Prior to residing at the Hammersley property, the Debtors resided at 5110 Whitcomb Drive ("Whitcomb property"), Madison, Wisconsin. Deposition of Ms. Anderson. 11:13-17.

4. On June 10, 2015, Mr. Hodgson was involved in a car accident in Dane County, Wisconsin, an accident in which Emilly Zhu was killed. Complt, ¶4.

5. Ms. Zhu's parents and estate (collectively the "Plaintiffs" or the "Zhus") filed a wrongful death action against Mr. Hodgson on March 1, 2016 (the "State Court Case"). Complt.¶7.

6. On May 3, 2017 (the "Petition Date") the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Complt. ¶ 1.

7. The State Court Case is still pending, having been stayed prior to trial by the Debtors' bankruptcy filing. Complt. ¶ 21.

8. As of the Petition Date, the Debtors owned the Hammersley property subject to two liens: (1) a senior lien held by Summit Credit Union to secure repayment of a loan with a balance due of approximately $260,297.01 and a junior lien, also with Summit Credit Union, to secure a Home Equity Line of Credit with approximately $24,500.00 due. Bkrpt. Schedule D.

9. As of the Petition Date, the Debtors also co-owned a 3-unit rental property located at 4202 Lumley Road, Madison, Wisconsin ("Lumley Property"). Deposition of Mr. Hodgson 58:5-9.

10. The Debtors executed a quitclaim deed on the Petition Date, conveying their interest in the Lumley Property to Hodgson-Anderson Company LLC. Complt. ¶28

11. On March 20, 2017, the Debtors executed two Loan and Security Agreements (the "Car Loans") with Summit Credit Union, borrowing a total of $11,673.12 from Summit Credit Union; and in executing the Loan and Security Agreements, pledged two vehicles as collateral. Complt. ¶23.

12. On April 1, 2017, the Debtors granted a Revolving Credit Mortgage to Summit Credit Union for $24,500.00 (the "HELOC"). Complt. ¶24.

13. On April 5, 2017, the Debtors paid John Rolfsmeyer $55,104.65 as a down-payment for the Lumley property, using funds from the Car Loans, the HELOC and additional cash in approximate amount of $18,000.00. Complt. ¶25-26.

14. Prior to the Petition Date the Debtors also withdrew $9,693.57 from a brokerage account. Complt. ¶27.

15. In their bankruptcy, the Debtors asserted an exemption of $30,000 in the value of their interest in Hodgson-Anderson Company LLC, pursuant to Wis. Stats. ¶815.18(3)(b) Complt.¶ 30.

16. The First Amended Schedules and Statements were filed on July 3, 2017, which properly corrected the value of the Debtors' EdVest account balance, clarified insurance deductions from the Debtors' wages, scheduled artwork worth $290, and identified potential counterclaims of an unknown value; detailed gross income from "HodgPodg consulting" and disclosed both the transfer of the Lumley Property on the Petition Date as well as the sale of the Whitcomb Property in September 2016. First Amended Schedules filed July 3, 2017, Dkt. 21.

17. The first meeting of creditors under 11 U.S.C. §341 occurred on July 6, 2017 with the Debtors appearing and testifying. Complt. ¶ 71.

18. A second meeting of creditors occurred on July 17, 2018. Dkt.24.

19. After the second creditor's meeting, the Debtors amended their schedules as follows: (1) Amending income and expenses stemming from Mr. Hodgson's Operation of HodgPodg: (2) further identifying health/dental expenses and costs; and (3) disclosing $4,000 of cash on hand. Second Amended Schedules filed July 14, 2017. Dkt. 23.

20. The Debtors officially registered Hodgson-Anderson Company LLC as a domestic LLC on 1/24/17. Dbtr. Trial Exh.2.

21. Pursuant to Hodgson-Anderson Company LLC s operating agreement, Mr. Hodgson and Ms. Anderson were 50-50 members, with Ms. Anderson acting as bookkeeper and Mr. Hodgson as Managing Member. Dbtr. Trial Exh. 2.

22. Pursuant to the Operating Agreement for Hodgson-Anderson Company LLC, Mr. Hodgson had primary responsibility for managing operations of Hodgson-Anderson Company LLC and carrying out decisions of the managers. Dbtr.Trial Exh.2.

23. Hodgson-Anderson Company LLC s assets consist of a business checking account, and a business savings account held since January 27, 2017, along with the Lumley Property. Deposition of Mr. Hodgson 59: 9-23, 60:9.

24. The Debtors purchased the Lumley Property in their own names. Deposition of Mr. Hodgson 58:5-9.

## CONCLUSIONS OF LAW

1. The Debtors did not willfully or maliciously cause injury to the Plaintiffs or property of the Plaintiffs.

2. The Debtors did not transfer, remove, destroy, mutilate, or conceal any of their property, or permit any of the foregoing, within one (1) year of the filing of the Bankruptcy Case, with intent to hinder, delay, or defraud the plaintiff, contrary to 11 U.S.C. § 727(a)(2).

3. The Debtors did not intend to hinder, delay or defraud the Plaintiff by transferring property within a year of filing their chapter 7, contrary to Wis. Stats. §815.18(10).

4. The Debtors did not knowingly and fraudulently make false oaths or accounts, statements, contrary to 11 U.S.C. § 727(a)(4).

Dated this 29th day of June, 2018.

KREKELER STROTHER, S.C.

By: _____
Rose M. Yanke
State Bar No. 1006219
Ryan A. Blay
State Bar No. 1076006
Attorneys for Debtors/Defendants
Brian J. Hodgson and Kathryn M. Anderson

5